37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Luke LITTLE, Defendant-Appellant.
 No. 93-5270.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 6, 1994.
Decided: Oct. 19, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CR-92-20-B)
 Murray M. Silver, P.C., Atlanta, GA, for Appellant. Mark Calloway, United States Attorney, Jerry W. Miller, Assistant United States Attorney, Michael Edmund O'Neill, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Johnny Luke Little appeals his convictions for possession with intent to distribute marijuana, distribution of marijuana, and cultivation of marijuana, in violation of 21 U.S.C.A. Sec. 841(a)(1) (West 1981). He was sentenced to 120 months on each count, to run concurrently, followed by eight years of supervised release. On appeal, he contends that his rights under the Speedy Trial Act, 18 U.S.C.A. Secs. 3161-3174 (West 1985 & Supp.1994), were violated. We affirm.
 
 
 2
 On August 9, 1991, a state undercover police officer bought eighty-three grams of marijuana from Little at the latter's home. On August 21, state law enforcement officers observed from the air marijuana plants growing next to Little's house, while state officers on the ground confiscated a number of plants. Little was arrested by state officials the next day, and soon after indicted by a state grand jury for the possession with intent to distribute, distribution, and cultivation of marijuana, in violation of state law.
 
 
 3
 The state subsequently dismissed the indictment and deferred prosecution to the federal government. The federal grand jury indicted Little on March 3, 1992, charging him with committing four drug offenses on August 21, 1991. Little, who was arrested on March 10, appeared before the magistrate the next day. The federal grand jury later returned a superseding indictment, charging possession with intent to distribute and distribution of marijuana on August 9, 1991, and cultivation of marijuana on August 21, 1991.
 
 
 4
 Little alleges that his rights under the Speedy Trial Act were violated because computation of time under the Act should begin to run from the date of his state arrest. He argues that because the federal charges arise from the state charges, the state actions should be attributable to the federal government.
 
 
 5
 This Court long ago rejected that contention. In United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir.1982), we held that, consistent with the doctrine of dual sovereignty, only a federal arrest, and not a state arrest, triggers commencement of the time limits of the Speedy Trial Act. We adhere, as we must, to the command of Iaquinta. Considering the time from Little's appearance before the federal magistrate, 18 U.S.C. Sec. 3161(c)(1), and not counting all excludable time, 18 U.S.C. Sec. 3161(h), Little's trial was well within the seventy-day time limit of the Act. 18 U.S.C. Sec. 3161(c)(1).
 
 
 6
 Accordingly, we affirm Little's conviction in the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.